Good morning. May it please the Court, I'm Bob Stumpf for Appellant Americredit Financial Services, and with me today in court is my partner Peter Hecker, who handled the case below. The principle of the issue in this case is pretty straightforward. It's whether the California law that prohibits the arbitration of certain kinds of claims, namely claims for public injunctions, is preempted by the Federal Arbitration Act. Now, on September 13 of last year, the District Court denied Americredit's motion to compel arbitration of just that kind of claim. And it did so on the basis of two opinions from the California Supreme Court, which I'm sure you're familiar with, the Cruz and the Broughton cases. And in those two cases, the California Supreme Court said, number one, those kinds of claims are outside arbitration. And number two, the Court said they are not – this rule is not preempted by the FAA. It's a – as a preliminary matter, do we have jurisdiction, or is it appropriate for us to hear your arguments, since it was never raised in the District Court? You do have jurisdiction, Your Honor, for two reasons. Well, as a matter – we don't have the benefit of the District Court's opinion in this matter. It was never raised, as I understand. You certainly have discretion to do so, and for two reasons you should exercise your discretion to hear the case. Number one, and here I cite principally the opinion in Mercury Interactive Corp., which is in our brief, and it says you should exercise your discretion if there is a change in the law while the appeal is pending. Obviously, I'm going to be – The change in the law, Concepcion doesn't seem to have a whole lot to do with this. Well, I think it dramatically changes the whole panorama of the – I beg your pardon? Well, it enunciates a whole different concept of how you deal with preemption in this kind of an issue. Yeah, but it didn't change it since it was in the District Court. We're talking about changing of law, you're talking about changing between the time it's in the District Court and it gets here. You have the same law then as you have now, as I understand it. Well, Justice Kagan, I think the law – the principal force of my argument is that the law is not even chronologically correct, because when you raised the issue here, Concepcion hadn't been decided. That's correct, Your Honor. So it's just not true that you're – that you did it because there was change in the law, is that so? Well, Your Honor, I think if Concepcion – if we hadn't said anything even in our appellate briefs and Concepcion came down, I could come to this oral argument and try to raise the issue. But Concepcion was about – it seems to me it was about something very different. It was not about a preclusion on arbitration. It was about if you arbitrate, you have to include this in your arbitration. And that's not our issue here. Well, I think Concepcion goes far – has much broader reach than that. In fact, it issues a rule that is, I think, controlling in this case. That is, there's a State law that prohibits a particular type of claim from arbitration. The analysis is straightforward. Well, if that is the rule, it's cited in another case of the Supreme Court, and I think you can make it up. Well, I think it punctuates the analysis in this case. But the second issue, I mean, put it – put it first. Maybe you're referring, counsel, to that passage in Concepcion, and I'll quote, when State law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward. The conflicting rule is displaced by the FAA. Is that – is that what you're relying on? That's exactly right. And seven district courts in this – in this circuit have so held on exactly this kind of claim. Why didn't you raise it in a district court? I mean, you're a multi-hundred firm law firm, aren't you? You're a national law firm. We are a national law firm. International law firm. Why didn't you raise it in a district court? I was not in the – I'm not talking about you. I'm talking about your firm. I don't know, Your Honor. I do know there's a second basis on which the Court can and I think should exercise your discretion to hear the matter, and that is, as we said from time immemorial – you know this better than I do. This is an important question of law. It's a pure question of law. It doesn't depend on the factual record. There aren't any disputed facts. What about that? I mean, is it – and I don't have the answer to this, but is it clear that the – if it had been raised below, there might not have been some factual development regarding, for example, the ability of district courts to issue injunctions, what the difference is between arbitrators and district courts in issuing – in issuing orders versus issuing injunctions? Also, this particular agreement, which isn't lucidly clear to me, actually – the class action provision is not relevant. So it isn't really necessarily clear to me that this spends – this arbitration clause applies just under the inaugural provision. Well, I think the arbitration clause sort of applies. It was articulated in the past, so that's a different case. Sure. Yeah, sure. But on the preemption issue, if it has been raised, is it clear that there was nothing that could have gone on in the district court that would matter? Oh, I think so. It's a practical matter. The issue – I mean, particularly given the way Concepcion has played out. I mean, we know the answer from Concepcion, as Justice O'Scannan was saying. The Supreme Court has made this very clear. States simply may not ban particular kinds of claims for arbitration just because they think it's consistent with good public policy. We have Perry.  We've got Preston. That's almost an axiom at this point. Well, how about if we – if to compel arbitration, if by doing so you are denying a litigant a right which they would have under State law? Well, of course, Your Honor, that is Concepcion. Under State law, you have a right to bring a class action. In arbitration, the cardenesis can be used. And for public injunction as well under Concepcion? Is it your position that an arbitrator could issue an injunction as well, a class-wide injunction? Well, my opponent says that as a practical matter, an arbitrator could not do that. I'm asking you, not your opponent. I think – now I speak to Judge Berzon's point. I think our arbitration clause should be interpreted to ban that kind of a claim. My opponent says even if we brought it, we couldn't get it in arbitration. Are you banning it, meaning – so your position isn't simply that you can't – you have to arbitrate it, but it's that you can't get it? No. Our position is that our clause means you cannot arbitrate class actions and you can't arbitrate anything other than individual actions. In other words, your position is that it isn't simply that the claim for a public injunction should go to the arbitrator. It's that there shouldn't be – it's not a claim anyway. It's a remedy, but the arbitrator cannot issue a public injunction under your clause. That's correct. And my opponent – it's a moot point, because my opponent says even if we asked for it, we couldn't get it because there's no collateral estoppel effect from an arbitration award. So we almost have to put that issue aside. We say you can't ask for it. They say that we can ask for it, but we can't get it. You're saying it might not be effective, but your position is that you – so in other words, you are taking a conceptional position, and you don't think that could have been litigated below? I beg your pardon? You don't think that could have been litigated as a fact and a matter in terms of what the Richard clause is? Well, there would have been – Well, it certainly doesn't say in it any place that an arbitrator can issue an injunction of that kind. Well, that's a pure question of contract interpretation, Your Honor. There's nothing to be – there's no extrinsic evidence that's going to bear upon that issue. You simply pick up the clause and you either agree with me or you don't. I'm sorry. I didn't hear. Tell me why I should agree with you. Well, I will. Well, I think what the thrust fairly construed, the arbitration agreement clearly bans class actions. And I think implicit in the concept of a class action is a representative action. It's my interpretation of that language. Now, I recognize you could get – the Court might not agree with me on that. But to me, that's sort of a side issue. All right. But let me assume – let us assume that under State law, they are entitled to class action and they are entitled to a public injunction. Let's assume that under State law. Very well. What you're arguing to us is that they have to go into arbitration. And if they go into arbitration, they will – as the defendant in this case, you would be immune from that State law of class action and injunction. Is that correct? Immune is not exactly how I put it, Your Honor. You pick the word. I would say just as the Supreme Court in Concepcion has said that you may not impose a class action procedure in arbitration, so also does the plain meaning of Concepcion. You can't ban a particular type of claim, for example, a claim for a public injunction on the grounds of public policy. Yes, you can't get – but there are other folks who can seek that relief. Well, if you look at, for example, Section 17203 of the Business and Professions Code, we talk about the Attorney General, any district attorney, any county counsel, any city attorney, or any city prosecutor. Yes. Because what happened in Prop 64 was it used to be that anybody could bring such a claim. That's true. And there was a limitation, but it was still understood as a public attorney general idea, as I understand it. In other words, this was never really understood then or now to be the person acting in a private capacity. The person is essentially acting as a private attorney general. It seems to me there are huge federalism consequences if you say the State can't have that. The State can't say we are short of people to enforce our law, so we're going to – and this is what broke the sentence. So we're going to let private people who are properly situated do it, really on our behalf, not on their behalf. Justice Bresson, I understand your argument or your statement and what it bows down to in my mind, that is, this is – we need this for good public policy in the State of California. It's good public policy. I understand. And the problem with that is that's not a basis for upholding a State statute. So in other words, the Federal Arbitration Act has absolutely no concern for the fact that the State of California – and here, not so much to advance individual interests. It's more like EEOC versus Waffle House. It's to advance public interest through a – almost a designation. And that almost – and this is what broke the sentence – through a designation of private individuals to proceed on behalf of the public. And they – and you're saying they can't do that. Well, Justice, the Supreme Court has made clear that California can't exempt claims for unpaid wages. They can't exempt claims for – under the Franchise Investment Act or under the Talent Agencies Act. You can't simply invoke public policy and say we think this is a good idea, therefore you have to arbitrate it. That's simply not permitted. See, I thought your position was, coming in here, that yes, they can do that, but they have to do it before the arbitrator. But you're saying no, they can't do it at all. But my opponent says that even if we ask, we can't get it. But I'm running out of time. I wonder if I could just make one more point, and then I'd like to reserve just a couple of minutes. Can I just point out a point? Sure, certainly. I'm wondering if there's still jurisdiction over this case under Cather. I know that we've had – Under what? Under what? This was removed under Cather, right? Yes. But you're now, since Cardenas, and your position is that there is no class action. Well, there's no – It can't be a class action. It existed when there never was one. This is not a – we're claiming that the rule of Cruz and Broughton are preempted by the FAA. I mean, you clearly have jurisdiction to decide that issue. This is a live issue, Your Honor. Okay. But now it's been decided and there is no class action. So why do we still have jurisdiction? It's not that the class wasn't certified. It's that it's a legal matter and there couldn't be one. So how do we have jurisdiction? That's the first time anyone has ever raised that issue in any of these cases, and I'm not here to give you an answer. Fine. I mean, that's what I'm here for. Unfortunately, I can't give you an answer, Your Honor. It's a very interesting issue. I don't – I bet donors to donors you have jurisdiction. But I'd better reserve a few minutes. I've only got two minutes. You may do so, counsel. We'll hear from the other side. Thank you. If it pleases the Court, my name is Paul Bland. I represent the plaintiff appellees. And with me is my co-counsel, Andrew Ogilvie. I'd like to briefly start, if I can, just for a moment on the waiver issue. I don't think there's a lot that needs to be said, but a couple of things. First of all, with respect to the idea of a change of law, as Your Honor pointed out, every argument that was made in their opening brief pre-Dates conception and was still made, they argued that this was preempted under the Southland v. Keating case from 1984 and then under the Perry v. Thomas case from 1987. Is there a fact in the question? I'm sorry, what? Is there a fact in the question? To be honest, Your Honor, I doubt that there is a significant fact. I think that what Broughton and Cruz say, I believe, is right, that an arbitrator – barring something unusual in a clause that would give the arbitrator their ability to move on a class basis or on a global basis, the arbitrator's authority is necessarily limited to the parties before them. So if there are only two parties, one single individual consumer and the company, the arbitrator is not able to grant a public injunction unless the clause specifies that that is possible. So what the California Supreme Court said in Broughton and Cruz is that this is a very rare circumstance. Normally, arbitrators have the same power that courts can do and arbitrators can afford the rights. And I think that that's the basis for the quote that Justice – that the Chief Judge read from Justice Scalia's opinion, that normally you can't ban any category of cases from arbitration. This is an unusual setting where, because of the unusual nature of the remedy, the substantive right that's granted by the statute, in this particular area it's an exception to the broad – to the broad rule. So I don't think that there would really be a factual issue so much. You are also agreeing that under this arbitration clause, this cannot go to the arbitrator. I believe that that's clear as a matter of the fact that it shouldn't, which is what I understood your – the argument before. Well, I – we think that – well, we – the Broughton and Cruz rules say that unless an arbitration clause creates the power to have a public injunction, that in normal arbitration clauses that the arbitrator doesn't have that ability because of the limitations on their jurisdiction. Well, why can't Congress, when they pass the FAA, why can't they say we're preempting State law and we want arbitration this way and we're preempting any State laws which says you can have a class action, you can have injunctive actions, private attorney generals? What's wrong with Congress doing that? Congress could have done that, but they did not do that, Your Honor. Well, can't you read Concepcion as saying that's exactly what they did? No, I don't read that at all, Your Honor. Let me explain. You have blurred together the class action, which is a procedural device, and the public injunction, which is a substantive remedy. Concepcion deals with procedures. I don't really understand that. Okay. Let me – let me – let me slow up. Go ahead. Explain it to me. What the unfair competition law says and the Consumer Legal Remedies Act say is that if the law is violated and our client has standing under Proposition 64 and has damages as they do, that our client has a right to bring a case for a public injunction which would get – in this case, we would have that everybody who is similarly situated, that they're – that they could not collect this debt – this illegal debt, that the debts would be cleared off of their credit reports, a broad injunction for everyone. It's a substantive right. It's not a procedure. It is a substantive right. Concepcion deals with procedural issues. This is a huge important distinction, because if you read – if you read Concepcion as blurring together both class actions, the procedural device, and substantive matters, then what you will do is you will put Concepcion as overturning all the line of U.S. Supreme Court cases that preceded it, the Mitsubishi Motors case, the Gilmer case, the Waffle House case, the Piette case, and the Randolph v. Green Tree case, all of which say that the Federal Arbitration Act moves you from one form to another form, but that the reason that it's okay to do that is that you still have all your substantive rights. So in the – I'm sorry. Another way of looking at this is that this individual's substantive, this individual's substantive right is to get his own situation cleared up. That's his right. And beyond that, he is not operating with regard to his own rights, so his own rights are not being affected. But the – that is not the way the statute works. The statute provides a substantive right to a remedy. It says that when this law is broken, here is the remedy to you, which is that you have the ability to get this broader injunctive claim, a public injunction. And it's substantive. It's not – it's not procedural. But didn't Broome really, as I was suggesting before, look at it somewhat differently and say, this is not your right, it's the public's right, and you are essentially being deputized to act on behalf of the public? And why isn't that a stronger way to look at the reason why the question of individualized arbitrations doesn't apply to this? Well, I think that – I think that the – I certainly agree that that – that Broughton says, that you are not just – you have a claim that goes beyond your individual economic rights. That you have a claim that you are given for good reasons that the State has, but that you are given a substantive right to ask for this broader category of relief that goes beyond you. Well, isn't that broader right a procedural right, though? It's not your right. It's the right of other people that they can assert themselves in whatever form they want to. But how – how is anyone's substantive rights being diminished? Your rights are just being transferred from the court to an arbitrator. It's just that you can't get someone else's rights, a class right or an injunctive right for others who are not party to the – your – your arbitration. Well, I think, Your Honor, that that's – that is, in a sense, a – in a sense, it's – the court is begging the question or assuming the answer, if you will. The statute says that if this – if your right – if – if the conduct – if the defendant acts illegally under this statute, that you have certain substantive remedies available to you. One of those remedies is a claim not only for your individual claims, but also that is broader. And what the – what the other cases that we're talking about – take, for example, the Gilmer case. Now, that was an individual case in which the plaintiffs were arguing, well, you can never force any Age Discrimination Act claim into arbitration. And they gave them a whole bunch of reasons. And one of the reasons they gave was they said, well, for example, the arbitrator wouldn't be able to give you a class action. And Justice White didn't say, well, look, that is something where the Arbitration Act wipes away a substantive right. Instead, what he said was that it's crucial that in arbitration you have all the same substantive rights that you would have had at court. You don't lose any substantive rights. It's just a different procedure. Then he noted that the New York Stock Exchange – that the NYSE rules at issue did provide for a collective action. And then he provided – he said that besides this is an individual case. Well, we have to read Concepcion here, and it's sort of like reading tea leaves a little bit here, to the extent that your friend across the aisle reads it and is saying, look, as an individual, you have the exact same rights that you had in court. You're going to have those rights in arbitration. It's just that you don't have a right to bring rights for other people. And those rights are strictly procedural, because you don't benefit by someone who you don't represent being in a class action. They can file their own action if they want. So that all we're saying is that the FAA has preempted your right to take procedural rights on behalf of other people. What's wrong with reading Concepcion? Well, first of all, I think that Concepcion needs to be read in terms of its context. Concepcion was not a case in which anyone's bringing a claim for a public injunction or some type of broader injunction. It's not – it wasn't a civil rights claim for a pattern in practice, really, but it wasn't a claim for a public injunction. These people are saying we want our claim for $30 back. And what she – and Justice Kagan – I'm sorry. The only thing that could have been different was if it was a B-2 class action looking only for an injunction. I think that if – to the extent if it was – if the only thing that was at issue was B-2, then that's a procedural issue. And I do think that what Justice Scalia is saying was that in the Discover Bank case, which was the rule that was struck down in Concepcion, that the California Supreme Court was getting very wrapped up in procedures, and that that was – that it was that the Federal law – the Federal Arbitration Act does preempt certain types of State procedural rules. I think the – I'm sorry. The B-2 class action is just a vehicle towards exactly the same kind of injunction you're talking about here. And I think that the – the crucial thing is whether it is procedural or substantive. I think that the line that the Supreme Court has repeatedly said is that arbitration is a different procedure, and we can – and the Federal government can require the enforcement of arbitration agreements even where it strips away different procedural rights that States think are important. But again and again, the Supreme Court has said you don't lose any substantive rights. Now, here you're going to lose any substantive rights. Alito, what substantive right is your client being denied by requiring you to arbitrate this and not allowing you to have a class action or injunctive relief on behalf of the public? Your – your substantive rights, not someone else's. Well, our client, we believe, has a right under California's Consumer Protection Act to a public injunction. That's a form of – that's a remedy. That's circular. You're answering the question by – if I could say it's circular. I don't know how to describe it. The – what right, substantive right, are you missing bottom line? In other words, how are you being hurt by the next fellow not having the same rights that you're going to have in arbitration? Well, it is not an economic harm to the client, per se. But the statute creates a remedy, not merely a procedure, but it creates an actual result if there's a violation of law. But for the benefit of the State of California, which is independent, is going down this path because it doesn't have the personnel to enforce its public policies directly in the court, so it's essentially having individuals to do it. And as I say, it used to be that they didn't even have to have any connection to the individual, in which case the arbitration wouldn't have mattered because there wouldn't have been any agreement to arbitrate, and the standing was created for functional reasons, but not in order to get all of the whole thing through. May I draw an analogy that I think might be helpful, Your Honor, to punitive damages? If you look at the Booker v. Half case, this was a case that was written by Chief Judge Roberts when he was on the D.C. Circuit. And it involved D.C.'s Human Rights Statute, their version of the Federal anti-discrimination laws. And one of the things that the D.C. Human Rights Statute provides was a right to punitive damages. And there is language in Judge Rob — then-Judge, now Chief Justice Roberts' opinion that recognized the reason for punitive damages in part was to deter and to go out and try and prevent other people from bringing — from behaving in this way that discriminates against individuals. So there was an arbitration clause that stripped away people's ability, any plaintiff's ability to bring claims for punitive damages. And what the D.C. Circuit said was, this is a remedy that goes to the individual. And it may have broader purposes, but because the statute creates this remedy and gives you standing to raise not only a claim for violation of law, but to say that if there is a violation of law, this follows from it, then Chief Justice Roberts said that because this arbitration clause takes away that remedy, that substantive remedy which has this broader purpose, that that is — that violates the Mitsubishi Motors and the Gilmer cases and struck down that part of the arbitration clause. Kagan. Let me ask you, first of all, do you know the answer to my Catholic question or do you have any reflections on it? Your Honor, you totally took me off the hop as well on that. I am not the Catholic scholar that I really should be. I see the point that you raised, but I simply just don't know enough about CAFA's language. I mean, there — I know that mass actions got pulled into CAFA as well as class actions in certain settings, and I don't know whether a claim for public injunctive relief is going to fall within its terms. I just don't know. And secondly, the — one way to look at this, the — I mean, you argued, and Broe public injunctions. And even injunctions in the sense that in my lexicon, an injunction is necessarily backed by the power of the State. That is what an injunction is. It's a coercive decision by the State to order somebody to do things, and that matters for purposes of contempt and so on. So here — I mean, why wouldn't one way to look at this be that you do have to arbitrate the substance of the claim, but that you then come and — and the F.B.A. provides for enforcement, essentially for going to court and getting an injunction enforcing the arbitrator's order? So why wouldn't you arbitrate the substance of the claim and then go to court and get the public injunction? Well, I think that that might well be a good — a good procedure. The way — the way that it has worked in some cases with arbitration, there are a number of arbitration clauses that say the arbitrator has all the same powers of injunctive relief that a court would have. No, but — well, here's how it can be true. If it says it — if it explicitly says that, and it's — and the language is broad enough that it would permit an arbitrator to issue a public injunction. And the arbitrator is going to go to jail if he violates it? Well, it's the same way as if an arbitrator issues a judgment for money. What you do is you have to take it to court, and then the court, you get it confirmed. You go through the — you go through the Section 9 process of getting it confirmed. But the arbitrator is issuing this order, and the injunction is coming from the court. But the court then has to — the court then is obligated to follow the arbitrator's ruling unless it falls into the very tiny exceptions where an arbitrator's ruling can be overturned. So there have been a number of instances in which arbitrators have issued injunctions, then it's gone to a court, the court essentially confirms the — confirms the award, and then the court enforces the injunction based upon what the arbitrator did. They could have had an arbitration clause here that said — there's nothing inherent about it. They could have had an arbitration clause that would have made it possible to have had a public injunction, and they decided not to because they wanted to take away a substantive right from our clients. And that's the one thing the Supreme Court has repeatedly said you cannot do. They can force us on a different procedure, but they are not allowed to strip us of our rights. Roberts. Thank you, counsel. Your time has expired. Mr. Stump, you have some reserve time. I do, Your Honor. I believe about two minutes, and I have four crisp points, if I can do it. Number one, I'm going to address how we started, and that is waiver. I'd like to cite one more case that I think Justice — Judge Oscana knows about. It's a case called U.S. v. Flores-Payon. It's in our briefs. And to cite the language from that case briefly, you should exercise your discretion to hear an issue if, quote, I think I heard Mr. Bland essentially say there are no factual issues here, and I think Flores-Payon, in addition to Inouye-Mercury, are dispositive of the waiver issue. That's point one. Point two, both Judge Cowan and Judge Brisson noted a very important thing, and that is nobody is taking any substantive rights away from the Cardenas folks. Every right that affects them as an individual, they still have. Well, they say of a substantive right, bring a class action, bring a class injunction. He denominates that as a substantive right, and I'd have to go back to the dictionary and see if it is or isn't. But you don't have to. I can get you there, Your Honor. Just you don't have a right to bring a class action. We know that because of Concepcion. That's a right for other people. In the same way, a representative action is an action for other people. The same logic would apply. And in fact, under 17203, which is the section I quoted earlier, to bring a claim for a representative injunction, you have to bring it as a class action. So we all, you know, all roads lead back to Concepcion and the class action. Sotomayor, in effect, my suggestion that the injunctive part of an arbitration under the Federal Arbitration Act in real historical terms is what the court does, not what the arbitrator does. The arbitrator is not able to issue an order, and although there's language saying he can issue an injunction, what he's really issuing is an order which has to be enforced by the court in the form of an injunction. So that being the case, why couldn't the court follow California law in doing that and issue an injunction that goes beyond him? Because California law from the California Supreme Court is that there is no collateral to stop the effect from a ---- Why does that have to do with anything? Well, that's what the one of the practical factors that the court incites in Kruz and Broughton as to why you have to ---- you violated his rights, you know, don't do that. And he goes to court to enforce that under the FAA, which your agreement allows, which is essentially he gets an injunction from the court, and presumably he wants that on his own behalf, at least, because otherwise he ---- there's no content power, there's no modification power, probably still no modification power. But why then can't the court issue an injunction in accord with the statute, i.e., one that goes beyond him? Because doing so would pose exactly the same obstacles to the enhancement of the ---- effectuation of the congressional purpose under the FAA as would imposing a class action, because it would slow the process down, it would make it more expensive, it would make it more formal, and it would increase the risk of defendants. Why? Because the nature of a representative action is very different from an individual action. But this, as I understand it, really isn't a representative action. It's an action saying whatever you ---- if I ---- it's representative in the sense that it goes to a broader group of people, but these are essentially what would be B-2 class actions, not what would be B-3 class actions. And therefore, they ---- because they're strictly injunctive, and everybody ---- the order just runs and says you can't do this to me and you can't do it to anybody else. Well, then there's a technical reason, which I said earlier, and that is to bring a representative action under the UCL, the statute says you have to proceed as if you were in a class action, class notice, all the panoply of remedies. You just can't do what you're suggesting, Your Honor. And if I could make one last point. Certainly. When I woke up this morning, as fellow Judge O'Scanlan's saying, I thought this was an easy case. I really did. And I'm not ---- I said you pick up Concepcion, it says, you know, if State law purports to ban a claim from arbitration, the analysis is straightforward. That claim is preempted. That's always the case. I must say that you made it a somewhat harder case by changing what I understood to be your briefs and your arguments all the way through, which was that you have to do this before an arbitrator, not that you can't do it. And that ---- and to that degree, maybe there is a waiver, because it seems to me to be a different issue than entirely than you've been raising anywhere else. I think it's moot because my opponent, and I said myself before, they say you can't do it anyway. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Cowen, Berzon